Case 310-0288, Richard Norton v. Tri-City Employment. May it please the Court, Counsels. Jennifer Kiesewetter on behalf of Richard Norton. This is a case with an interesting legal issue of relation back. What happened here is the employee filed an application for adjustment of claim regarding an injury that occurred while he was in a borrowing-loaning relationship. The borrowing employer was a company called SunGrow Company. He actually worked for the loaning employer and was paid by the loaning employer, Tri-City Employment. The original application for adjustment of claim was filed against Tri-City Employment, and originally they were handling the matter and the negotiations on the matter. Eventually, their insurance carrier went under and the company itself went under, and bankruptcy proceedings caused a stay of the action. Once the stay was lifted, the Petitioners' Counsel attempted to amend the application for adjustment of claim to name SunGrow Company and Zurich, which Zurich is the insurance carrier for SunGrow Company. That amended application for adjustment of claim was dismissed, which is where we are right now in front of you and on a legal issue as to whether or not that was appropriately dismissed. And I would argue to you that it was not and that the amended application relates back to the original pleading. You're proceeding under Section 2-616D? Correct, Your Honor. Section D. The Commission adopts the arbitrator's decision, and quite frankly, I would ask this Court, I'm not sure what the arbitrator's decision actually can be interpreted as to saying or what the Commission meant by this. But he says two things. Number one, the doctrine of relation back does not apply to the facts herein. Well, I'm not sure if the Commission is saying we've looked at the facts and it doesn't relate back, or you don't even consider relation back in this situation. I'm not really sure how you can interpret that or what the Commission is saying here. Well, set that issue aside for the moment. I mean, to succeed under 2-616D, it would have to depend on whether or not you have met the requirements under that section, correct? Correct. Isn't one of the requirements that within the period of statute of limitations, the party knew or should have known, but for a mistake concerning the identity of the proper party, the action would have been brought against them? How do you meet that second criteria? Well, the case law says that it should be liberally construed and that constructive notice is enough. And in this situation, with regards to the issues of notice and prejudice, which really that's the only prong as to relation back that there's an issue here, because we know the original application was filed under the statute of limitations. But with regards to that issue is where the issue of joint and several liability comes in. And in this situation, and under the Act, borrowing and lending employers are joint and severally liable. Now, I'm not suggesting, as it was pointed out in the Appellee's Brief here, that that automatically means there's joinder. But I'm saying that needs to be considered in determining whether there's constructive notice here and whether there's a party that's prejudiced here. Is the claimant arguing that he was mistaken about who to file the application against? You're not making the argument, are you? Well, no, but there was no reason to file the application against the borrowing employer when the loaning employer was accepting liability for the claim. But you can file against both the loan and the borrowing employer at the same time. You had every right in the world to do that at the beginning. You knew who these people were. But couldn't you always say that's true when the statute ran and when you're analyzing relation back that you could have filed within three years? But you knew who they were. This wasn't some mistake. You knew very well who these people were. This isn't some mistaken identity. You knew who the borrowing employer was. You knew who the loaning employer was. You just chose to file against one and not the other. And so you can't come back now and say it was a mistake because I didn't know who they were. But I think under relation back, and there's also cases out there, and the commission, this really is an issue that has not been addressed much when it comes to workers' compensation. But the commission had a case where there were multiple different taxi companies. And even though only one of the taxi companies had been named, and there was no issue of mistaken identity in the Gray case, they still allowed all of the other parties to be named because they had the same owner and because of the relationship. They clearly knew that the action was going forward. Same here. That's where 2616 often comes in, where you have a corporate structure, complex corporate structure, and you serve maybe the same registered agent but for the wrong corporation. There's a mistake about who it is you're suing. But here you knew about Sun Grill all along, right? Right, but there's joint and several liability. It's not a random company. Joint and several liability. Let's say you're in an automobile accident and you have joint torque feasors. And they have joint and several liability for your injury. You still have to sue them both within the statute of limitations, don't you? But in this situation, I mean, I think it's a little bit different. Well, we don't really want to put you on the defensive. Suffice it to say, you want us to take a very, quote-unquote, liberal view and interpretation of 2-16D, don't you? I do. And I guess another thing that I would point out is the dismissed parties didn't even file a brief here. I mean, the only parties that ---- They adopted Tri-Cities. They adopted Tri-Cities' brief. But Tri-Cities represented by the guarantee fund who has a different interest in getting them out of the claim, which is to then say you didn't exhaust your remedies. So I guess what I would say is how can you say there's no notice and there's prejudice when you didn't even file a brief and you haven't even participated in the action here? I mean, so I guess what I would say is where's their defense to it? Maybe they're confident. I guess they're confident, but ---- It's still going to come down really, you know, Yellen, to our interpretation and our construction of the statute. Whether or not they filed a brief isn't really the defining issue, isn't it? It is. And I guess what I would say is if you read the Act and you read 1A3 and 1A4, there's nothing in there that says there's only joint and several liability when you name them both. I mean, I guess let's assume that they were never named and that there is a finding against Tri-City employment here. Aren't they still joint and several reliable for that finding? Or does it only occur when you name them both? The Act doesn't say it only occurs when you name them both. Under the statute, Tri-City may have the right to go after Sun Grove or after the borrowing employer for reimbursement, the statute says. And wouldn't they still? I don't know. It's not really before us, though, is it? And thus couldn't they still be brought in? I mean, I guess that's where it doesn't say under the Act that you have to name them both for there to be joint and several liability. I think you're confusing things a little bit here. The issue really is to succeed under the section and to employ the doctrine of relation back, you need to meet certain criteria. You're not getting into the issue of joint and several liability of loaning and borrowing employees. You're trying to come in under 2-16D. That's your saving statute in this case. So you must meet the requirements of that statute to invoke the doctrine of relation back. That's what it breaks down to. Yeah, I mean, I guess I read that part of the statute to say, you know, they had noticed they weren't prejudiced. But they're joint and severally liable anyways. I mean, it's your argument. They're joint and severally liable, so it's no big deal if we didn't name the proper parties. I think you're confusing the two legal requirements. But I think we understand your point. Okay. Thank you. Counsel, please. May it please the Court. Counsel. Miles Kael on behalf of the Illinois Insurance Guarantee Fund and Tri-City Employment. Mr. Paul Seale is here on behalf of Zurich American Insurance and the SunGro and Heinz entities. He had adopted my brief and has decided that he will defer to my argument on the case. And remain silent today? He will remain silent today. All right. Tell us, why doesn't Tri-City want somebody else to come in and share the liability here? Under the, there might be implications. Why are you arguing that? It's not really before the Court, but under the provisions of the Illinois Insurance Guarantee Fund, if there is a failure on a petitioner's part to exhaust appropriate remedies under available insurance policies or policies that would have been available, that may have implications later on in the case. That's really why you're here. That's really why I'm here. This case, and they have argued, asking us to comb through and find the Civil Practice Act and apply that to the Workers' Compensation Act. The provisions of the Civil Practice Act do not apply to workers' compensation matters, and I don't believe we need to comb through the Civil Practice Act to find a doctrine of relation back. When the legislature wrote the various provisions of the Act, including Section 1A3 and Section 1A4, they have a statutory provision relating to relation back, relation back doctrine. Under 1A3, in a general and subcontractor situation, it is specifically included in the statute that if an employee names a subcontractor, any further liability under that Act is passed up or can be passed up through the chain of command. The legislature included that provision, probably for good logical sense, because an employee of a plumbing contractor on a work site would not be privy to the contracts, the building permits, or any of the contractual relationships. He only knows who he took orders from, and he names that employer, and the liability is passed up. The legislature, if they had intended to, had the opportunity to include that same provision in Section 1A4, and the legislature did not include any relation back doctrine. So in Section 1A4, there actually is a requirement to join the tortfeasors, and the petitioner's attorney in this case, when they argued in the circuit court, they argued they did not do that because they were stayed because of a bankruptcy proceeding. What was argued before the circuit court and what the circuit court found as reasonable was that the bankruptcy proceeding against Tri-City Employment or any bankruptcy proceedings relating to the Legion insurance would not have precluded the plaintiff from taking action against the actual borrowing employer, somebody who he is aware of, somebody he took orders from. The argument the circuit court accepted was an analogy to a parent who signs a note or guaranteeing a note on an automobile for a child. If that child should, in fact, file for bankruptcy or bankruptcy protection, the debtor or the creditor would be precluded from suing the child directly, but nothing would preclude that creditor from suing the parent. Just as nothing in this instance, all the time from 2000, July 7 of 2000 to July 7 of 2003, precluded the petitioner in this instance, petitioner's counsel, from filing a claim and going, filing against Sungrove or their insurer. And recognizing that fact, is it not, then, the case that you have to keep in mind the section of the proceeding under it? In order to invoke the doctrine of relation back, there must meet the requirements of that section, correct? Correct. If that section has any application whatsoever to workers' compensation cases and pleadings in workers' comp, and there is no indication that that section does apply to workers' comp. And even if it applied, were the conditions met? No, they were not. You've got a two-prong argument here. Even if we would assume it applies, and I think it may be, I don't know if I'm going to accede to your argument, it doesn't apply. I mean, that's a little more doubtful in my mind. But the question, then, did the requirements, the strict requirements of that section, have they been met there? No, they have not. The answer is no. The answer is no, why? Because they were aware this is a separate entity, this was not a misnomer, this was not some sort of mistake. They were aware of this entity all along. They had a chance to join this entity. There was no service or attempt to join this entity. This was not an act of misnomer or some mistake or some entwined corporations. They had always had the opportunity to sue this. As a tactical matter, they decided that they did not, they decided not to join the joint tortfeasor. To which she responds, aha, but there's joint and several liability. Doesn't that carry the day? There is not joint and several liability. And that Section 1A4 of the Act indicates when you join both parties, you can take advantage of the seven-day notice requirement compelling each of the parties to state who has the liability. That section of the Act does not automatically, and unlike Section 1A3, does not automatically join or save the statute against the people. And if the legislature had intended that, they easily could have added that in the provision. There is no joint liability. And in terms of the argument that there could have been a determination, I don't know if the due process clause would allow, if you don't join a party, give them notice of a lawsuit or that the hearing is proceeding, that you could have a hearing and proceed and impose liability against someone. Now, there may have been other causes of action, but the judicial economy would presume that if you're going to have litigation between Tri-City and Zurich American Insurance and the Sungrove Company, that all of those things should be joined in the original action and any issues of that should be litigated before the Industrial Commission in one hearing rather than having piecemeal litigation. Thank you. Thank you, counsel. Revella. Just a couple of points. I don't necessarily agree with the contention that we could have merely filed against Sungrove Company and proceeded because that would have required proceeding when there was a stay against Tri-City Employment. It would have involved Tri-City Employment. They would have potentially been on the hook and liable, and there was a stay against that action. So how could we have filed a separate application and proceeded against Sungrove when there would have been joint and several liability against a state employer? I mean, the statute ran by the time that the stay was lifted. Well, actually, it's pretty well undisputed the stay was lifted about three months before the statute ran. I don't know that, well, I don't know that the notice of the stay being lifted was received before the statute ran. I don't even know that that's in the record, to be honest, as to the information as to that, but I think the notice was received. Do you deny that the stay was lifted before the statute ran? I don't think there's evidence of that. It was April, wasn't it? The record includes the order lifting the stay, I believe, doesn't it? Yeah, that I would have to look at, but I guess I don't agree with the contention that you could just then file against the other employer and proceed, because there would be joint and several liability. Who said you had to proceed? Proceeding doesn't have anything to do with whether the statute of limitations has been complied with. It's only filing. But then there's a suggestion that you could amend a pleading when the action stayed. You could file a separate action and consolidate it. But then you're consolidating an action that stayed. So you're choosing between taking the risk that you wouldn't be allowed to amend during the stay versus waiting and determining whether you can file after the statute of limitations has run. And I guess what I'm saying is either way aren't you doing something that you I mean, you're either amending a pleading that they're part of. The moral of the story may be better to be safe than sorry. Yeah. Sure. And I think that's always the case when you're up here arguing relations back. But somebody always did something that they should have done something better. But that's all I have. Thank you, Counsel. The court will take the matter under its rightful disposition.